J-S07037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NAZZAIR JOSEPH BIANCO | : | |
| | : | |
| Appellant | | No. 561 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 7, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000763-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NAZZAIR JOSEPH BIANCO | : | |
| | : | |
| Appellant | : | No. 562 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 7, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000892-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NAZZAIR JOSEPH BIANCO | : | |
| | : | |
| Appellant | : | No. 563 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 7, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004383-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |

|  | : | PENNSYLVANIA |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| NAZZAIR JOSEPH BIANCO | : |  |
|  | : |  |
| Appellant | : | No. 564 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 7, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004388-2021

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: SEPTEMBER 24, 2024**

Appellant, Nazzair Bianco, appeals the judgment of sentence imposed by the Court of Common Pleas of Luzerne County following his guilty pleas to drug and weapons offenses in four cases consolidated for sentencing.[1] Appellate counsel has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), stating that the appeal is wholly frivolous. After careful review, we grant counsel's petition to withdraw and affirm.

In 2020 and 2021, Appellant was criminally charged in four separate cases. On August 2, 2020, Appellant was stopped by a police officer in Luzerne County for driving a truck with suspended registration. While Appellant was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's convictions were two counts each of possessing a controlled substance with intent to deliver under 35 P.S. § 780-113(a)(30) and of possessing a controlled substance under 35 P.S. § 780-113(a)(16). He also was convicted of one count of possessing an offensive weapon. 18 § Pa.C.S. 908(a).

standing outside the truck he tried to discard a sock in which there were four bags containing a crystal substance, later determined to be methamphetamine. He was charged with, *inter alia*, possessing a controlled substance. N.T. 10/17/22, 4. **See also** Docket No. CP-40-CR-000763-2021.

On September 9, 2020, Appellant was stopped by a police officer in Luzerne County while driving a truck with multiple items in the flatbed not properly strapped down. During the stop an officer saw a stun gun by Appellant's feet. When Appellant exited the truck he attempted to discard a bag containing 17.35 grams of methamphetamine. He was charged with, *inter alia*, possessing a controlled substance with intent to deliver and possessing an offensive weapon. N.T. 1/6/23, 5. **See also** Docket No. CP-40-CR-000892-2021.

On March 19, 2021, Appellant was stopped by police officers in the City of Hazelton for a traffic violation. During the stop it was discovered that there was an active warrant for Appellant's arrest and that he had a plastic bag containing heroin/fentanyl in the center console. He was charged with, *inter alia*, possessing a controlled substance. N.T. 10/17/22, 4-5. **See also** Docket No. CP-40-CR-004388-2021.

On August 9, 2021, Appellant was stopped by police officers in the City of Hazelton for a traffic violation. During the stop, an officer discovered Appellant had 19.32 grams of methamphetamine in his pocket and a digital scale in plain view on the dashboard of the car. Appellant was charged with,

*inter alia*, possessing a controlled substance with intent to deliver. N.T. 1/6/23, 5. **See also** Docket No. CP-40-CR-004383-2021.

On October 17, 2022, Appellant appeared before the Honorable Michael T. Vough, for status of the four cases, all of which were scheduled for trial. Appellant entered open guilty pleas to possessing a controlled substance, an ungraded misdemeanor, in each of dockets 763 and 4388. The trial court conducted a colloquy of Appellant on whether his pleas were voluntary, knowing and intelligent, and accepted the pleas. The court anticipated hearing the trials on the remaining cases the following day. N.T. 10/17/22, 3-8.

The trials were not held on October 18th. Instead, Appellant appeared before Judge Vough on January 6, 2023, for a status on the sentencing for the misdemeanor guilty pleas and trial on the felony counts. At that listing, Appellant entered open guilty pleas to possessing a controlled substance with intent to deliver, an ungraded felony punishable by up to 20 years' incarceration because of a prior conviction for possessing a controlled substance with intent to deliver, in each of dockets 892 and 4383. In addition, Appellant entered an open guilty plea to possessing an offensive weapon, a misdemeanor of the first degree, in docket 892. The trial court conducted a colloquy of Appellant on whether his pleas were voluntary, knowing and intelligent, and accepted the pleas. It ordered a pre-sentence investigation report (PSI) and scheduled all four cases for a consolidated sentencing. N.T. 1/6/23, 2-9.

Sentencing on all four cases was held on March 7, 2023. The court reviewed the PSI, the sentencing guideline ranges and the exact amount of time credit owed. The Commonwealth requested that the court impose consecutive terms. The defense asked for concurrent standard range terms. Appellant declined allocution. The court imposed four consecutive standard range terms for the four different drug offenses: 27 to 54 months' incarceration on the two convictions for possessing a controlled substance with intent to deliver;[2] and six to 12 months' incarceration on the two convictions for knowingly possessing a controlled substance.[3] In addition, the court imposed a term of nine to 18 months' incarceration on the conviction for possessing an offensive weapon, to be served concurrently to the sentence for possessing a controlled substance with intent to deliver under the same

_____

[2] Specifically: the conviction under Trial Docket No. CP-40-CR-000892-2021 for possessing 17.35 grams of methamphetamine with intent to deliver on September 9, 2020, which is the subject of Appeal Docket No. 562 MDA 2023; and the conviction under Trial Docket No. CP-40-CR-004383-2021 for possessing 19.23 grams of methamphetamine with intent to deliver on August 9, 2021, which is the subject of Appeal Docket No. 563 MDA 2023.

[3] Specifically: the conviction under Trial Docket No. CP-40-CR-000763-2021 for possessing four packets of methamphetamine on August 2, 2020, which is the subject of Appeal Docket No. 561 MDA 2023; and the conviction under Trial Docket No. CP-40-CR-004388-2021 for possessing a bag of fentanyl/heroin on March 19, 2021, which is the subject of Appeal Docket No. 564 MDA 2023.

docket.[4] The aggregate term of incarceration imposed was 66 months to 132 months' incarceration. N.T. 3/7/23, 2-4.

Appellant did not file a post-sentence motion in any docket. He timely filed notices of appeal in all four trial dockets on April 6, 2023. Each of the four separate notices listed on their face all four trial docket numbers, but with one docket number highlighted on the front and the corresponding copy of the trial docket attached in substantial compliance with *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), as interpreted by this Court in *Commonwealth v. Johnson*, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*).

The trial court ordered Appellant to file a Concise Statement of Errors Complained of on Appeal under each trial docket pursuant to Pa.R.A.P. 1925. On May 1, 2023, Appellant timely filed the ordered statements under each docket. Appellant's identical statements raised 21 separately enumerated claims, albeit some claims were limited to specific dockets.

On August 11, 2023, counsel for Appellant filed a motion with this Court to withdraw from representation. This Court granted the motion by order filed on August 16, 2023, and directed the trial court to determine Appellant's eligibility for court-appointed counsel and, if eligible, to appoint counsel. On

---

[4] The conviction for possessing an offensive weapon was the second count under Trial Docket No. CP-40-CR-000892-2021 for possessing a stun gun on September 9, 2020, which is the subject of Appeal Docket No. 562 MDA 2023. The sentence on count one of that docket, for possessing 17.35 grams of methamphetamine with intent to deliver on September 9, 2020, is the first of the four consecutive terms imposed.

September 1, the trial court appointed the appellate counsel for the Public Defender's Office of Luzerne County to represent Appellant.

On September 11, 2023, through newly appointed counsel, Appellant moved to consolidate the four appeals for briefing and disposition. The motion was granted by this Court on September 15, 2023.

On November 28, 2011, counsel filed an *Anders* brief and an application to withdraw as counsel stating that counsel "was unable to find legal support for any issue that might be available for appeal … [and] determined that the issues fail to be non-frivolous." Application to Withdraw as Counsel, filed 11/28/23, ¶¶ 11-12. Attached to the application is a letter, dated November 29th, from counsel to Appellant transmitting a copy of the *Anders* brief, telling him of the procedural process with the filing of the *Anders* brief and advising Appellant that he has "the right to file a response on your own, pro se with Superior Court raising any issue you deem worthy[.]" *Id*., Attachment A.

On December 29, 2023, the Commonwealth filed a letter with this Court noting that it would not submit a responsive brief. To date, Appellant has not filed any pleading in this Court responsive to the *Anders* brief or application to withdraw filed by counsel.[5]

---

[5] We are aware that Appellant has attempted to file a petition *pro se* pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*. ("PCRA"), under the trial docket numbers in the Court of Common Pleas. In those petitions he alleges the ineffective assistance of prior counsel. Those petitions have been dismissed without prejudice while these consolidated appeals remain pending. *See Commonwealth v. Smith*, 244 A.3d 13, 16 (Pa. Super. 2020).

Before this Court can consider the merits of this appeal, we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. ***Commonwealth v. Dempster***, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*).

To withdraw from representing a convicted defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient ***Anders*** brief; and (3) provide a copy of the ***Anders*** brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention. ***See Dempster***, 187 A.3d at 270.

> An ***Anders*** brief must comply with all the following requirements:
>
> [T]he ***Anders*** brief ... must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). If counsel has satisfied the above requirements, then it is this Court's duty to review the trial courts proceedings and render an independent judgment as to whether the appeal is wholly frivolous. ***Dempster***, 187 A.3d at 271.

Appellate counsel states in his application to withdraw that he has reviewed the entire record and determined that there are no non-frivolous grounds for the appeal. His November 29, 2023 letter to Appellant provided a copy of the *Anders* brief and advised Appellant of his right either to retain new counsel or to proceed *pro se* on appeal and to raise any points he deems worthy of this Court's attention. Further, appellate counsel's *Anders* brief provides an adequate procedural and factual summary of the case and cites and discusses the applicable law on which counsel bases his conclusion that there are no non-frivolous issues that he can raise on Appellant's behalf. Appellate counsel has thus filed a sufficient *Anders* brief and complied with the procedural requirements for withdrawal as counsel in this appeal.

We next consider the issues raised by counsel in the *Anders* brief to determine whether they are in fact frivolous. *Dempster*, 187 A.3d at 272. In addition, if we find those issues frivolous, we will conduct a review of the record to ascertain if, on its face, there are other issues of arguable merit overlooked by counsel. *Dempster*, 187 A.3d at 271-72.

Having entered a guilty plea, Appellant waived his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence, validity of the plea, and, where there was no agreement as to sentence as here, the exercise of discretion by the sentencing court. *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 20170; *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013).

Counsel discusses a discretionary sentencing claim: did the trial court abuse its discretion by imposing standard range sentences on each count in each case and ordering four of the five to run consecutively; failing to consider the guidelines, mitigation, or Appellant's background; and failing to place adequate reasons on the record to support the aggregate minimum sentence. *Anders* Brief, 11-14.

"[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Gibbs*, 981 A.2d 274, 282-83 (Pa. Super. 2009). Appellant did not file a post-sentence motion. Therefore, only an objection presented at sentencing could have preserved a challenge to the exercise of the court's sentencing discretion. *Dempster*, 187 A.3d at 272-273. Appellant interposed no objection at sentencing but made a request to impose standard range terms concurrently. N.T. 3/7/23, 3. The sentencing court imposed standard range sentences on each conviction. *See id*., 4; *Anders* Brief, 11 ("the trial court placed the minimum sentence at the lowest end of the standard range").

Thus, the only discretionary sentencing claim that may be reviewable here would be the exercise of the sentencing court's discretion to impose consecutive terms. Without deciding whether a request at sentencing for concurrent terms preserves a challenge to the court's discretionary decision to impose consecutive terms, we can ascertain that this claim does not raise

a substantial question.[6] However, a claim of excessiveness based on the imposition of consecutive sentences generally does not raise a substantial question for review. *See Commonwealth v. Ahmad*, 961 A.2d 884, 887 n.7 (Pa. Super. 2008). It is "in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment" that the imposition of consecutive terms raises a substantial question. *Commonwealth v. Moury*, 992 A.2d 162, 171-172 (Pa. Super. 2010). *Accord Commonwealth v. Mastromarino*, 2 A.3d 581, 588 (Pa. Super. 2010) (consecutive terms must be "viscerally unreasonable" to raise a substantial question). Here, Appellant was subject to a possible maximum term of 20 years for each of the possessing a controlled substance with intent to deliver offenses because he had a prior conviction of the same offense. *See* N.T. 1/6/23, 5; 35 P.S. § 780-115. His aggregated maximum term, built on the lowest standard range terms, is 11 years and two months, which is significantly less than he faced on a single charge. In this light, the aggregate sentence is not unduly harsh. Therefore, a substantial question is not presented.

_____

[6] For this Court to review a discretionary sentencing claim, an appellant must, inter alia, demonstrate that the claim raises a substantial question in a Rule 2119(f) Statement in the brief. *See Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022), *appeal denied*, 302 A.2d 626 (Pa. 2023). We determine whether there is a substantial question on a case-by-case basis. *Commonwealth v. Crawford*, 257 A.3d 75, 78 (Pa. Super. 2021).

Moreover, our standard of review of the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) (quoting other cases). The "imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) (citation omitted). The sentencing court imposed a single consecutive term for each of the four distinct incidents of illegal drug possession. We do not find that decision to be an abuse of discretion.

Counsel also raises a claim that the weight of the evidence was not sufficient to support the sentence imposed. *Anders* Brief, 14-15. Counsel interprets the claim to be a challenge to the legality of sentence. *Id*. All of the sentences imposed were legal sentences as they were less than the statutory maximum. *See Commonwealth v. Archer*, 722 A.2d 203, 209 (Pa. Super. 1998) (*en banc*) ("an illegal sentence is one that is beyond the statutory limits"). As mentioned above, due to Appellant's prior conviction he could have been sentenced up to 20 years on each of the convictions for possessing a controlled substance with intent to deliver. The drug possession convictions

were ungraded misdemeanors with a statutory maximum of three years because of a prior conviction. ***See*** N.T. 10/17/22, 4-5; 35 P.S. 780-113(b). The court imposed a term of one to two years on each. Appellant's conviction for possessing an offensive weapon was graded as a misdemeanor of the first degree, with a statutory maximum of five years. 18 Pa.C.S. §§ 908(a); 1104(1). The court imposed a term of nine to eighteen months' incarceration.

Based on the foregoing, we agree with appellate counsel that the issues raised by Appellant lack any arguable merit. In addition, we have reviewed the certified record and have discovered no additional issues of arguable merit on the face of the record. We note that both the trial court and counsel explained why each of the multitude of claims raised in the Rule 1925(b) Statement were frivolous, and we agree with those determinations. Moreover, there are only four categories of claims that Appellant may raise in this direct appeal because he entered guilty pleas. ***Lincoln***, 72 A.3d at 609. All of the crimes charged arose in Luzerne County in Pennsylvania and therefore the trial court had jurisdiction. Appellant did not file a post-sentence motion, therefore all claims raising the discretionary aspects of sentence were waived except, possibly, the ungranted request he made at sentencing. ***Gibbs***, 981 A.2d at 282-83. Similarly, any challenge to the voluntariness of his pleas was waived. In order to challenge "the voluntariness of a guilty plea on direct appeal [a defendant] must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." ***Lincoln***, 72 A.3d at 609-10. Appellant did neither. And, as discussed, the sentences imposed

were legal. Therefore, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/24/2024